Filed 6/24/15  In re A.G. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.I.G. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B258555 (Super. Ct. Nos. J069104, J069105, J069106, J069107, J069108) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANTHONY G. et al., <br><br> Defendants and Appellants. | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 27, 2015, be modified as follows:

1.  On page 4, the first sentence of the fourth paragraph, beginning "Substantial evidence in the augmented record," is deleted and the following sentence is inserted in its place:

"Any error is harmless because the amended ICWA notices complied with ICWA."

There is no change in the judgment.

Appellant Anthony G.'s petition for rehearing is denied.

Filed 5/27/15 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.I.G. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B258555 (Super. Ct. Nos. J069104, J069105, J069106, J069107, J069108) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY G. et al.,<br><br>    Defendants and Appellants. | |

        L.G. (Mother) and Anthony G. (Father) appeal from an order of the juvenile court terminating their parental rights to five children, A.I.G., A.D.G., D.G., L.G., and A.G.  (Welf. & Inst. Code, § 366.26.)[1]  They contend that Ventura County Human Services Agency (HSA) did not comply with the notice provisions of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and the California ICWA-related statutes (§ 224 et seq.).  HSA cured the ICWA notice defect while the appeal was pending.  We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code unless stated otherwise.

FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father have five children together. Mother also has two older children who previously became dependents of the juvenile court and with whom she did not reunify.

In November 2012, HSA detained Mother and Father's five children and filed a juvenile dependency petition for each child based on failure to protect the children. (§ 300, subd. (b).) HSA alleged that Mother and Father were chronically homeless, did not provide shelter or clothing for the children, and were living in unfit and unsanitary conditions.

HSA interviewed Father on November 8, 2012, and interviewed the paternal grandmother on November 12 concerning Indian ancestry. Based on those interviews, HSA reported in the petitions that the children may be members of the Hopi or Navajo Indian tribes. On November 15, Father filed a parental notification of Indian status form (Form ICWA-020) in which he reported that he may have Navajo or Chumash ancestry. Mother filed the same form and reported that she may have Indian ancestry, but identified the tribe(s) as "unknown."

On November 19, 2012, HSA filed notices pursuant to ICWA. HSA identified the Navajo and Chumash as Father's possible ancestral tribes. It reported the source of this information to be interviews with Father and Mother on November 14. It did not refer to the November 8 and 12 interviews and did not identify the paternal grandmother as a source of information. It did not identify the Hopi as a possible ancestral tribe. It did not include Mother's maiden name. It reported that maternal grandmother had one-eighth and maternal great-grandfather had one-quarter Indian heritage of an unknown tribe.

HSA served the ICWA notice on Mother, Father, the Bureau of Indian Affairs (the Bureau), the Navajo Nation, the Santa Ynez Band of Chumash Indians, the Ramah Navajo School Board, and the Colorado River Indian Tribes. It did not serve the Hopi tribe.

The juvenile court sustained the petitions in December 2012 and ordered that the children continue to be detained. The juvenile court ordered family reunification services and supervised visits for both parents.

Each tribe that HSA served responded to the ICWA notice by reporting that the children were not eligible for membership. The Bureau of Indian Affairs responded by checking a box that said, "[T]he county has provided an appropriate notice to the tribe or tribes." In February 2013, the juvenile court found that ICWA did not apply.

At the 12-month review hearing in December 2013, the juvenile court terminated reunification services for both parents and scheduled a section 366.26 hearing. Mother and Father's two boys were placed with a paternal great aunt and uncle who wished to adopt them. Mother and Father's three girls were placed with another great aunt and uncle who wished to adopt them.

At the section 366.26 hearing, the juvenile court found the children were adoptable and the parent-child bond exception did not apply. It terminated parental rights and selected a permanent plan of adoption.

## DISCUSSION

Mother and Father filed opening briefs in which they asked that the matter be remanded to the trial court for ICWA compliance. (*In re Christian P.* (2012) 208 Cal.App.4th 437, 452.) Father argued that the ICWA notice was deficient because it did not identify the Hopi tribe (§ 224.2, subd. (a)(3); 25 U.S.C. § 1912) or include other information that HSA probably obtained from the paternal grandmother when it interviewed her on November 12. Mother argued that the notice did not include her maiden name (§ 224.2, subd. (a)(5)(C)), and that the record does not demonstrate that the Bureau conducted an independent search of its records regarding the information she provided.

After Mother's and Father's opening briefs were filed, HSA initiated proceedings to cure the notice defects. A social services agency may cure an ICWA notice defect while the appeal is pending. (*In re Christopher I.* (2003) 106 Cal.App.4th 533, 562-567.) We granted HSA's motion to augment the record.

3

HSA corrected the errors complained of by Father and Mother. It interviewed the paternal grandmother. It amended its ICWA notice to include additional information she provided and to include Mother's maiden name. HSA served the Bureau of Indian Affairs and 13 tribes, including the Hopi tribe, with the amended notice.

Eight tribes, including the Hopi tribe, responded that the children are not eligible for membership. Five tribes did not respond.

The juvenile court conducted an ICWA hearing in February 2015. It found that the amended notice complied with ICWA, and the ICWA does not apply to these children. The court found that, "[a]s of June 2014, the Bureau of Indian Affairs no longer responds to ICWA 030 notices unless no tribes are named."

Substantial evidence in the augmented record supports the juvenile court's findings. (*In re Christian P.*, *supra*, 208 Cal.App.4th 437, 451.) HSA complied with its obligation to send notice to the identified tribes and, because Mother was unable to identify a tribe, to send notice to the Bureau. (§ 224.2, subd. (a)(3), (4); 25 U.S.C. § 1912, subd. (a).) Mother does not cite authority, and we are aware of none, imposing upon HSA the burden of demonstrating that the Bureau's internal response to the notice was appropriate. We presume official duties are regularly performed. (Evid. Code, § 664.)

## DISPOSITION

The order terminating parental rights is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.

We concur:


YEGAN, J.


PERREN, J.

4

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant Anthony G.

Karen B. Stalter, under appointment by the Court of Appeal, for Defendant and Appellant L.G.

Leroy Smith, County Counsel, Cynthia Krause, Assistant County Counsel, for Plaintiff and Respondent.